Nicholson, C. J.,
delivered the opinion of the court.
James Smith was one of the defendants below in the case of Burwell Budgett and others against Seth Lea, in which the opinion of the court has just been given. Maxwell, the administrator of Smith, brings the cause here by writ of error, and seeks a reversal upon the ground that before the death of Smith the cause had been discontinued as to him; and, therefore, that the subsequent proceedings against him as administrator, by scire facias, and the final judgment on the. verdict of the jury, are all erroneous. The facts on which this question is raised are these: The summons issued against Smith and others on the 5th of June, 1865. On the same day an ancillary attachment issued, which was levied on Smith’s land on the 6th of June, 1865. The summons was not executed on Smith. It was returnable to the June Term, 1865. At that term no alias summons was issued for Smith. Before the next term, which was in October, 1865, Smith had died. His death was suggested and proved at the October Term, when scire facias was awarded to warn W. A. Maxwell, his administrator, to appear and show cause why the suit pending against his intestate Smith should not be revived in his name. At the June Term, 1866, upon *249 service of the scire facias, the suit was revived in the name of Maxwell. At the same time the declaration was filed, and at the June Term, 1868, judgment by default was taken, against Maxwell, administrator of Smith, and the damages inquired of and assessed by the same jury which tried the issue as to Budgett and others.
It thus appears that the original summons was returnable to the June Term, 1865, of the court, and that it was not executed. It further appears that no alias summons issued during that tenn, and that Smith died before the succeeding term, which was held in October, 1865. It is clear, therefore, upon the authorities, that at the close of the June Term, 1865, the cause was discontinued as to Smith, and that at the October Term, 1865, when scire facias was ordered to bring in Maxwell, his administrator, the cause had been discontinued as to Smith: Armstrong v. Harrison, 1 Head, 381; Dougherty v. Shown, 1 Heis., 302.
Nor is this consequence avoided by the fact that at the same time that the summons issued, an ancillary attachment issued, which was levied on Smith’s land. The summons was the leading process, and when the cause was discontinued by a failure to issue an alias summons, the ancillary attachment, which was a mere incident to the summons, was discontinued along with it: Jones v. Cloud, 4 Col., 236; Gibson v. Carroll, 1 Heis., 23.
Nor is the consequence of the discontinuance avoided by the judgment by default against Maxwell as administrator upon the return of the scire facias.
*250 At the time the seire facias was ordered to notify Maxwell, there was no cause pending against his intestate Smith. His failure to appear and plead to the scire facias, the fact that there ,was no suit pending against his intestate can have no effect, for the reason that the scire facias itself was a nullity. It follows that judgment rendered against Maxwell as administrator of Smith was erroneous, and the same is reversed and the cause is dismissed.